UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
EMILIO RAMOS,                    )
        Petitioner,              )    CIVIL ACTION NOS.
                                 )    04-11731-DPW
            v.                   )    04-11805-DPW
                                 )
UNITED STATES OF AMERICA,        )
        Respondent.              )
```

MEMORANDUM AND ORDER
December 22, 2004

In these two petitions, respectively styled as a motion for habeas corpus under 28 U.S.C. § 2255 (04-11731-DPW) and an application for a writ of coram nobis (04-11805-DPW), Emilio Ramos, who was convicted in this court in January 1995 on heroin distribution charges seeks to resurrect an earlier habeas corpus petition (98-11857-DPW), based upon a purported failure of his trial attorney to inform him of his appellate rights after his plea of guilty. The earlier § 2255 petition was dismissed on August 28, 2000 upon the motion of the petitioner. A short answer to the petitioner's efforts to revive the issue is that it appears that this is not the time to do so. I will first address the § 2255 motion, emphasizing the timeliness difficulties petitioner confronts on the way to concluding that further proceedings are necessary before the matter may be resolved. I then address the coram nobis application, the dismissal of which I will direct.

### I.   04-11731 - Section 2255 Motion

To permit the revival of the claim at this time as a § 2255 motion proceeding would be, as a procedural matter, arguably to transgress the timeliness requirements for federal <u>habeas corpus</u> proceedings, which Congress enacted in furtherance of a concern with the finality of criminal judgments.[1]

A one-year statute of limitations applies to the filing of a § 2255 motion.  Although the period customarily runs from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(1), it may run from "the date on which the facts supporting the claim or claims presented would have been discovered through the exercise of due diligence" if that is a later date.  28 U.S.C. § 2255(4).

In the context of a claim of ineffective assistance of counsel for failure to notice an appeal, the period will begin to run sometime after the date of conviction, as "due diligence plainly [does] not require [the petitioner] to check up on his counsel's pursuit of an appeal on . . . the very day on which [the petitioner's] conviction became final absent appeal."  <u>See</u> <u>Wims v. United States</u>, 225 F.3d 186, 190 (2d Cir. 2000); <u>cf.</u> <u>Brackett v. United States</u>, 270 F.3d 60, 68 (1st Cir. 2001) ("We

---

[1]I note that in my June 5, 2000 <u>Memorandum and Order</u> in 98-11857-DPW, I indicated strongly that the purported appeal rights failure was not likely, in any event, to be successful on the merits under the standards established by <u>Roe v. Flores Ortega</u>, 120 S.Ct. 1029 (2000).

hold the operative date under § 2255(4) is not the date the state
conviction was vacated, but rather the date on which the
defendant learned, or with due diligence should have learned, the
facts supporting his claim to vacate the state conviction.").
The threshold judicial inquiry is a fact-specific "one that 'must
take into account the conditions of confinement and the reality
of the prison system.'" Aron v. United States, 291 F.3d 708, 712
(11th Cir. 2002) (citations omitted).

    In some circuits, even if a petition is deemed untimely
under the provisions of § 2255, the period may be equitably
tolled in limited circumstances.  "The First Circuit has yet to
adopt such a rule . . ." See Brackett, 270 F.3d at 71 (citing
Trenkler v. United States, 268 F.3d 16 (1st Cir. 2001).[2]  In
Trenkler, the court noted, without deciding whether equitable
tolling was available for § 2255, that it is "not warranted where
the claimant simply 'failed to exercise due diligence in
preserving his legal rights.'" Trenkler, 268 F.3d at 25 (quoting
Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  In
Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002), the First
Circuit took up the question of equitable tolling in a case where

---

[2]The Brackett court did not resolve the issue:
    [W]e do not reach the issue of whether this Circuit should
    adopt the doctrine of equitable tolling because the
    defendant here did not present an argument of equitable
    tolling and so it is waived.
Brackett, 268 F.3d at 71.

3

the petitioner "argued against the application of the one-year
grace period because he 'has limited knowledge of the law, is a
pro se litigant, and [his] freedom and liberty is controled [sic]
by the Department of Corrections personal [sic], and [he has]
limited access to the courts.'" <u>Id.</u> at 55.

> Even if we assume arguendo that equitable tolling would be
> available in an appropriate case (a proposition not so far
> established in this circuit), [the petitioner] has pointed
> to insufficient facts to warrant favorable application of
> that doctrine here.  As the party seeking to invoke the
> doctrine of equitable tolling, [the petitioner] bears the
> burden of establishing a basis for it. . . . It is reserved
> for cases in which circumstances beyond the litigant's
> control have prevented him from promptly filing.  Ignorance
> of the law alone, even for incarcerated pro se prisoners,
> does not excuse an untimely filing.

<u>Id.</u> (citations omitted).  Moreover, for equitable tolling to
apply, the resuscitated claim must have merit.  <u>Id.</u> (citing
<u>Brackett</u>, 270 F.3d at 71), a matter which appears doubtful here.
<u>See</u> Note 1 <u>supra</u>.

The petitioner seems to be raising the question whether he
was fully aware of his potential loss of appellate rights in
August 2000.  At that time, his counsel moved on his behalf to
withdraw his earlier § 2255 petition pursuant to an agreement for
consideration in connection with terms and conditions of
supervised release.  If he was so aware, he cannot nearly four
years later avail himself of either § 2255(4) or of equitable
tolling to overcome the lack of timely pursuit of their
vindication.

4

But, in his motion, the petitioner suggests he was not aware the earlier § 2255 motion was dismissed.  In response to Question 11(e) he states "I wasn't aware of any adverse action, due to my counsel having failed to communicate the progress of the prosecution to me.  Plus, her voluntary dismissal, without prior consultation with me . . ." and then references a July 14, 2004, letter from his appointed counsel regarding the earlier § 2255 motion, which he attaches.  That letter, however, states "As you know, your § 2255 motion was voluntarily dismissed in anticipation of government support for a motion to reduce your term of supervised release under 18 U.S.C. [§] 3583(e)." (emphasis supplied)

Given this apparent dispute about the state of the defendant's knowledge regarding the disposition of the earlier § 2255 motion, I cannot now say whether there was nothing beyond petitioner's control which would justify relieving him of the timeliness requirements for pressing such a § 2255 claim.

In order to frame the issue, I will order the petitioner and his counsel in his first § 2255 motion separately to submit affidavits or declarations -- signed under the penalties of perjury -- regarding the circumstances of the withdrawal of the motion in 98-11857-DPW including whether, and if so when, the petitioner was consulted and authorized that step.

## II. 04-11805 - Application for Writ of Coram Nobis

While I am inclined to the view that the timeliness requirements of § 2255 may not be evaded by the recourse to the general writ of <u>coram nobis</u>, <u>cf.</u> <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d 207, 209 (1st Cir. 2004), I conclude further that the petitioner's application for that writ fails because he remains subject to supervised release under the 1995 conviction for which he has apparently completed his incarcerative term. A writ of error coram nobis is available only to petitioners no longer in custody. <u>See</u> <u>United States v. Sawyer</u>, 239 F.3d 31, 37 (1st Cir. 2001). A petitioner still subject to supervised release is deemed to be in custody. <u>See</u> <u>United States v. Akkaraju</u>, 97 Fed. Appx. 43, 45 (7th Cir. 2004) (not chosen for publication) ("[The petitioner] was on supervised release, which means he was still 'in custody' for purposes of coram nobis."); <u>United States v. Smith</u>, 77 Fed. Appx. 180, 180 (4th Cir. 2003) (not chosen for publication); <u>Matus-Leva v. United States</u>, 287 F.3d 758, 761 (9th Cir. 2002); <u>see also</u> <u>United States v. Goodwin</u>, No. 03-50574, 2004 U.S. App. LEXIS 24507, at *2 (9th Cir. Nov. 15, 2004) (finding that petitioner was still in custody after expiration of supervised release because "the district court still retained jurisdiction until the resolution of his legally noticed revocation hearing" and therefore the petitioner "was still subject to a restraint on his liberty").

6

As a consequence, I will direct the clerk to dismiss the coram nobis application.

CONCLUSION

It is hereby ORDERED:

(1)  In Civil Action No. 04-11731-DPW, that the petitioner and his court appointed counsel in his first § 2255 motion (No. 98-11857-DPW), Elizabeth Prevett, separately file on or before January 7, 2005 affidavits or declarations under oath addressing the circumstances of the withdrawal of the motion in No. 98-11857-DPW, including whether, and if so when, the petitioner was consulted and authorized that step.

(2)  In Civil Action No. 04-11805-DPW, that the application for coram nobis be DISMISSED.


/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE