UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMILIO RAMOS, | ) | CIVIL ACTION NO. |
|    Petitioner, | ) | 04-11731-DPW |
| | ) | |
|    v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|    Respondent. | ) | |

### AFFIDAVIT OF ELIZABETH PREVETT

I, Elizabeth Prevett, hereby state as follows:

1. I am an attorney in the Federal Defender Office for the District of Massachusetts. The Federal Defender Office was appointed to represent Emilio Ramos in a 28 U.S.C. § 2255 action, Ramos v. United States, 1:98-cv-11857-DPW. I represented Mr. Ramos on this action from the date of the appointment of the Federal Defender Office on May 19, 2000.

2. I am filing this affidavit pursuant to this Court's Order directing undersigned counsel to file an affidavit addressing the circumstances of the withdrawal of the motion in 98-11857-DPW, including whether and when Mr. Ramos consulted with undersigned counsel and authorized the withdrawal.

3. I have reviewed my file and I do not have notes or correspondence memorializing my conversations with Mr. Ramos, his prior counsel Michael Avery, or Assistant United States Attorneys Kevin Cloherty and Kevin McGrath, who represented the government in this action. I do, however, generally recall several conversations that took place within the eight or nine months following appointment to the case that were relevant to the withdrawal of the motion.

4. Between the date of the appointment and July 13, 2000, I spoke with Mr. Ramos by telephone and advised him that I had been appointed to represent him on his § 2255 motion. During this period I consulted with Mr. Michael Avery, who had represented Mr. Ramos at the plea and sentencing out of which the claims underlying Mr. Ramos' motion arose. I obtained and reviewed Mr. Avery's files, and records from the Court on Mr. Ramos' plea, sentencing and § 2255 proceedings to that date.

5. During the same period I had several telephone conversations with AUSA Kevin Cloherty. Mr. Cloherty proposed that, in exchange for withdrawing the § 2255 petition, the government would support a motion under 18 U.S.C. § 3583(e) to reduce Mr. Ramos' term of supervised release. Mr. Cloherty added that government support for this motion would also be contingent on support for the motion by Mr. Ramos' probation officer. After reviewing the records and the law relevant to the potential claims in the § 2255 petition, I concluded that the potential benefit from pursuing a motion under 18 U.S.C. § 3583(e) supported by the government was greater than that from pursuit of a motion under § 2255.

6. I contacted Mr. Ramos by telephone and discussed the government's offer, the claims under § 2255, and the option of a motion under § 3583(e). Mr. Ramos agreed with me that I should contact his probation officer, Mr. Charles Dotson, to inquire whether Mr. Dotson would support a motion for a reduction in Mr. Ramos' term of supervised release.

7. At around this time, I moved for a continuance to August 16, 2000 to seek further action on the § 2255 petition. I contacted Mr. Dotson by telephone and asked whether he would support a motion under § 3583(e). Mr. Dotson indicated that he would.

8. I contacted Mr. Ramos, told him about Mr. Dotson's reply, and discussed the government's offer further. I told him that no action could be taken on a § 3583(e) motion before November 4, 2000, by which time he would have been on supervised release for a year. See 18 U.S.C. § 3583(e)(1). Mr. Ramos agreed to accept the government's offer and withdraw the § 2255 motion.

9. After my conversation with Mr. Ramos, on August 16, 2000, I filed a second motion to continue until November 4, 2000, the day Mr. Ramos would have completed a year of supervised release. I was informed that the Court was unlikely to grant the continuance.

10. I contacted AUSA Kevin McGrath, who was then assigned to represent the government, asking for and receiving assurances that the government would honor the agreement if I withdrew the § 2255 motion at that time. I then moved to withdraw the § 2255 motion. It was voluntarily dismissed by the Court on August 28, 2000. I do not recall whether I contacted Mr. Ramos at this time.

11. In November of 2000, I contacted Mr. Dotson to request that he write a status report on Mr. Ramos supporting a motion for reduction in supervised release under § 3583(e). I received a report from him on December 13, 2000 supporting the motion. I attempted to contact Mr. Ramos the next day but was unable to reach him.

12. Within a few days, I was contacted by Mr. Dotson, who told me that Mr. Ramos had just been arrested on a new federal charge. Mr. Dotson also told me that he was withdrawing his support of the § 3583(e) motion.

13.  At some point in the next few months, Mr. Ramos telephoned me and asked about his § 2255 motion.  I told him that I had moved to withdraw the motion as part of the agreement with the government, and that the motion had been dismissed.

14.  I had no further contact with Mr. Ramos until I learned in July of 2004 that he had been attempting to contact me regarding his § 2255 motion, at which point I wrote him the letter referred to by the Court on page 5 of its December 22, 2004 Memorandum and Order.

 

_____
/s/ ELIZABETH L. PREVETT
ELIZABETH L. PREVETT
.