UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMILIO RAMOS,

      Petitioner:             Civil No. 04-11731-DPW
                                    Civil No. 98-11857-DPW
                                    (Criminal No. 93-10253-WD)

v.

UNITED STATES OF AMERICA,

      Respondent:

JUDICIAL NOTICE REQUESTED

OF SUPREME COURT'S DECISION IN THE CASES OF

<u>UNITED STATES V. BOOKER</u> & <u>UNITED STATES V. FANFAN</u>,

<u>ARGUED OCTOBER 4, 2004, DECIDED JANUARY 12, 2005</u>

COMES NOW, the instant Petitioner, Emilio Ramos, pro-se, (Hereinafter, "Petitioner"), and respectfully requests this Honorable Court to take judicial notice of the following:

    I.   <u>All "Enhancements, Pursuant to the United States Federal Sentencing Guidelines As Applied in His Criminal Case's Sentencing Are Unconstitutional As A Matter of "Clearly Established Federal Law"</u>

Pursuant to Supreme Court precedent existing at the time of his sentencing (e.g., <u>In re Winship</u>, (citation omitted) the Petitioner submits that the government's prosecution failed in its burden of proof (e.g., the burden of production and the burden of persuasion) as to every element of the crime charged necessary to inflict the punishment prescribed by the United States Federal Sentencing Guidelines.<u>1</u>/

---

<u>1</u>/ See, <u>In re Winship</u>, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970) (discussing Supreme Court's view as to proper definition of reasonable doubt, for purposes of requirement, under due process clause of Federal Constitution's Fifth and Fourteenth Amendments...)

<u>United States Federal Sentencing Guidelines
Enhancements Deemed Unconstitutional Pursuant to
United States v. Booker, 76 CrL 251 (U.S. 2005)
Which Held Them to be Advisory Rather Than Mandatory</u>

In the instant case at bar, Petitioner, was given the following U.S.S.G. enhancements, that the above cited Supreme Court's decision has now found to be erroneous, as they violate his Sixth Amendment right to a trial by jury, et cetera:

(1). A two (2) point enhancement that the defense counsel failed to argue and/or object to at sentencing hearing, for being involved with weapons in the charged conspiracy, although he was not charged by indictment with any weapons possession, et cetera;

(2). A two (2) point enhancement for his being involved, as the government alleged, with the conspiracy charged in December, 1990, some 2 months after being released from prison in the state;

(3). An additional one (1) point enhancement for his allegedly being involved in the conspiracy less than 2 years after his release.

In sum, a total of three (3) points were added to Petitioner's Criminal History for his being on Supervised Release while committing another offense. As a result his Criminal History level jumped from Category 3 to Category 4.

### Federal Constitution's Protections

The **Booker/Fanfan,** decision by the Supreme Court of the United States has held that:

> "[I]t has been settled throughout our history that the Constitution protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.''

In re Winship, 397 U.S. 358, 364 (1970).  It is equally clear that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." United States v. Gaudin, 515 U.S. 506, 511 (1995).

### Judicial Despotism

The Framers of the Constitution understood the threat of "judicial despotism" that could arise from "arbitrary punishments upon arbitrary convictions" without the benefit of a jury in criminal cases.  The Federalist No. 83, p. 499 (C. rossiter ed. 1961) (A. Hamilton).  the Founders presumably carried this concern from England, in which the right to a jury trial had been enshrined since the Magna Carta.  As the Supreme Court noted in Apprendi:

> "[T]he historical foundation for our recognition
> of these principles extends down centuries into
> the common law.  '[T]o guard against a spirit of
> oppression and tyranny on the part of rulers,' and
> 'as the great bulwark of [our] civil and political
> liberties,' trial by jury has been understood to
> require that 'the truth of every accusation, whe-
> ther preferred in the shape of indictment, informa-
> tion, or appeal, should afterwards be confirmed by
> the unanimous sufferage of twelve of [the defendant's]
> equals and neighbors...'"

530 U.S. at 477 (citations omitted).

### Today's Constitutional Holding Means That it is no Longer Possible to Maintain the Judicial Fact-Finding That Congress thought Would Underpin the Mandatory Guidelines System

In its' Booker/Fanfan decision, the Supreme Court stated as follows:

> "[R]ather, it is to recognize that sometimes
> severability questions (questions as to how,
> or whether, Congress would intend a statute
> to apply) can arise when a legislatively un-
> forseen constitutional problem requires modi-

fication of a statutory provision as applied in a significant number of instances. Compare, e.g., **Welsh v. United States**, 398 U.S. 333, 361 (1970) (Harlan, J., concurring in result) (<u>explaining that when a statute is defective because of its failure to extend to some group a constitutionally required benefit, the court may "either declare it a "nullity" or "extend" the benefit "to include those who are aggrieved by exclusion"</u>);

Therefore, the Supreme Court's precedential decisions in **Winship**; **Apprendi**; **Blakely**; **and finally Booker/Fanfan**; were established since 1970, as shown above, thus pursuant to **Fiore v. White** and **Bunkley v. Florida** there is no question of retroactivity when a Court clarifies an already existing [statutory[ law.

As a consequence, in the instant Petitioner's case, the **Blakely** error is "structural error" requiring automatic reversal of [his] enhanced sentence. Because, when a defendant's, such as the instant Petitioner's sentence is enhanced on the basis of a judge-found fact [and/or facts] in violation of the defendant's, such as the instant Petitioner's Sixth Amendment right to a jury trial as interpreted in **Blakely v. Washington**, 75 CrL 284 (U.S. 2004), the sentence enhancement must be overturned, simply because this type of jury trial violation is not subject to harmless-error review. See, **State v. Fero**, Wash. Ct. App., No. 30356-6-II, 1/4/05) ("**Neder** is inapplicable to violations of **Blakely**,").

WHEREFORE, the instant Petitioner respectfully requests that this Honorable Court take judicial notice of the foregoing facts and as a result grant the relief that is appropriate and just in this above captioned case.

Dated: <u>February 2, 2005</u>

Respectfully submitted,

*Emilio Ramos*
**EMILIO RAMOS**

# CERTIFICATE OF SERVICE

I, __Emilio Ramos, pro-se__, hereby certify that I have served a true and correct copy of the foregoing:

"Judicial Notice Requested"

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Mr. Kevin Cloherty, AUSA
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

The Honorable Douglas P. Woodlock
United States District Court For
Boston, Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210
[Attention: Clerk's Office]

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __2nd__ day of __February__, 2005

*[signature]* 2-2-05
M. Nicholas, Case Manager
Authorized by the Act of
July 7, 1955, as amended, to
administer oaths, (18 USC 4004).

Respectfully Submitted,

*[signature: Emilio Ramos]*
EMILIO RAMOS

REG. NO. __35179-054__