UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the Eighth day of October Two thousand four.

PRESENT:

    ROGER J. MINER
    JOSÉ A. CABRANES
    CHESTER J. STRAUB
        *Circuit Judges*

-------------------------------------x

UNITED STATES OF AMERICA

        *Appellee*,

    -v.-                                                        No. 03-1515

EMILIO RAMOS

        *Defendant-Appellant.*

-------------------------------------x

| | |
|---|---|
| **SUBMITTED FOR APPELLANT:** | Howard M. Simms, New York, New York |
| **SUBMITTED FOR APPELLEE:** | David C. James, Assistant United States Attorney (Eric R. Komitee, Assistant United States Attorney, *of counsel*, Roslynn R. Mauskopf, United States Attorney, *on the brief*), United States Attorney's Office for the Eastern District of New York, Brooklyn, New York |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED**.

Defendant appeals from a judgment convicting him, after a jury trial, of knowingly and intentionally possessing a firearm, in and affecting commerce, after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Defendant argues that the firearm in question should have been suppressed as evidence because it was the product of an illegal detention and search under the Fourth Amendment. Following a motion to suppress, the District Court held a suppression hearing and denied the motion, finding that the totality of the observations of the police detective gave rise to a reasonable suspicion that defendant was engaged in illegal activity.

"When examining a ruling on a motion to suppress, 'we review the district court's factual findings for clear error and its conclusions of law de novo,' viewing the evidence 'in the light most favorable to the prevailing party.'" *United States v. Awadallah*, 349 F.3d 42, 71 (2d Cir. 2003) (quoting *United States v. Harrell*, 268 F.3d 141, 145 (2d Cir. 2001)).

In his testimony at the suppression hearing, Detective Johnson testified to facts sufficient to raise a reasonable articulable suspicion that criminal activity was afoot. The District Court found this evidence credible and we find nothing in the record to suggest that the Court's findings were clearly erroneous. *See* Fed. R. Crim. P. 52(a). We therefore affirm

the ruling of the District Court, primarily for the reasons stated by the District Court in its oral ruling denying the motion to suppress.

Defendant's argument that 18 U.S.C. § 922(g)(1) is unconstitutional in light of *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000), has already been considered and rejected by this Court in *United States v. Santiago*, 238 F.3d 213 (2d Cir. 2001). We see no reason to reconsider that holding here.

We have considered all of defendant's claims on appeal and found them to be without merit. We hereby **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By _____