```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


EMILIO RAMOS,                  )
     Petitioner,               )    CIVIL ACTION NO.
                               )    04-11731-DPW
         v.                    )
                               )
UNITED STATES OF AMERICA,      )
     Respondent.               )
```

MEMORANDUM AND ORDER
June 13, 2005

    Belatedly complying with my Order dated December 22, 2004, and after the entry of my Memorandum and Order of February 8, 2005 directing dismissal of this case, the petitioner, Emilio Ramos, filed an affidavit arguably putting in issue the question of his knowing and intentional abandonment of his earlier Section 2255 motion (No. 98-11857-DPW). That motion, in turn, concerned the question whether his failure to pursue direct appeal of his criminal conviction resulted from the failure of counsel properly to determine whether petitioner wished to prosecute an appeal.

    Upon review of the petitioner's affidavit, I determined that it would be necessary to hear live testimony in order to make critical credibility determinations. At a hearing on June 6, 2005, I did so after appointing new counsel to represent Mr. Ramos in this matter. The petitioner testified as did his previous Section 2255 attorney, Elizabeth L. Prevett.

    Upon consideration of all of the evidence in this case, I

find no reason to disturb the judgment of dismissal previously entered.  I fully credit Ms. Prevett's testimony that she discussed the issues with Mr. Ramos before receiving from him authority to resolve the earlier Section 2255 petition in exchange for the government's future support of a reduction, pursuant to 18 U.S.C. § 3583(e), in the petitioner's term of supervised release.  That support was necessarily conditioned on the petitioner's maintenance, during the initial period of his supervised release term, of a record of conduct warranting such a reduction.  When the petitioner did not meet that condition, as a result of his arrest on a new federal charge, the government's support was not forthcoming.  But, this change in circumstances does not in any fashion change the outcome here.

Knowingly and after consultation with his counsel, the petitioner agreed through his counsel to accept the government's offer and withdraw his Section 2255 petition.[1]  That subsequent events involving the petitioner's misconduct made this decision less than satisfactory to the petitioner and that as a result he wishes to forget his earlier decision does not modify the facts as I find them.

---

[1] The failure of counsel to provide Mr. Ramos with copies of the relevant filings and notices of court action in connection with the dismissal seems less than best practice.  But this failure of subsequent notice does not undermine my factual conclusions regarding prior consultation with and agreement by the petitioner concerning the course of conduct recommended and pursued by counsel.

Having had the opportunity to resolve this matter as a question of fact, I find the petitioner has failed to establish that his decision to withdraw the earlier petition under Section 2255 seeking to reinstate an appeal was other than a knowing and voluntary act on his part. I specifically find that it was made by petitioner after consultation with his counsel and reflected petitioner's own considered choice to abandon the earlier Section 2255 petition. Consequently, the judgment of dismissal in this case shall stand.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE